CHARLES D. CAMPBELL and Another v. SAMUEL LOEB.

April 26, 1898.

Nos. 11,020—(100).

Ejectment—Damages—Sufficiency of Evidence.
> Evidence considered, and *held,* that it does not sustain the assessment of damages made by the trial court.

Appeal by defendant from an order of the district court for St. Louis county, Ensign, J., denying his motion for a new trial. Reversed, unless plaintiff consent to a reduction of damages.

*Pealer & Fesler,* for appellant.

*Allen, Baldwin & Baldwin,* for respondents.

START, C. J.

This was an action in ejectment and for damages for withholding the premises in dispute. The cause was tried by the court, without

a jury. Findings of fact were made in favor of the plaintiffs, wherein the damages were assessed, on the basis of the rental value of the premises for the time they were detained by the defendant, as found by the court, in the sum of $563.20, and judgment ordered accordingly. The defendant appealed from an order denying his motion for a new trial.

The only question here urged by the appellant on oral argument is that the finding as to the damages is not sustained by the evidence. The respondents claim that the assignments of error are not sufficient to raise the question. Technically, the assignments of error seem to be insufficient; and, conceding the point that they are, we are of the opinion that this appeal ought to be disposed of upon its merits, and that an amendment of the assignments be allowed.

While it is claimed in the complaint that the defendant has withheld the premises from the plaintiffs since July 20, 1894, the trial court found that the detention commenced April 8, 1895, and assessed the damages from the latter date to the commencement of the action. The evidence as to the rental value of the premises is indefinite and unsatisfactory; but, upon the whole record, our conclusion is that the evidence is sufficient to justify a finding that the rental value of the land during the time mentioned in the trial court's findings was $210 per year. This corresponds with the allegations of the complaint, which charges that such rental value

"Is the sum of two hundred ten dollars, and the plaintiffs have been damaged annually in said amount by the defendant's unlawful withholding" of the land.

The time for which the trial court assessed the damages was practically two years, and, upon the claim made in the complaint and the evidence, the total damages for such time ought not to have been, in any event, more than $420; hence a new trial must be awarded conditionally. It does not appear that the attention of the trial court was called to the claim made in the complaint as to damages. In view of this fact, and what has been said as to the assignments of error, no statutory costs should be allowed.

Ordered that a new trial herein be granted, unless, within 15 days

after a remittitur is filed in the district court, the plaintiffs file their written consent therein, to the effect that the assessment of damages in the findings of the trial court be reduced to $420, in which case the order appealed from is affirmed, and judgment may be entered on the findings as so modified; no statutory costs to be allowed either party on this appeal.